IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WAYNE GARRIS | : | CIVIL ACTION |
| v. | : | |
| DONALD T. VAUGHN, et al. | : | NO. 02-3794 |

ORDER

AND NOW, this _____ day of _____ 2002, it appearing that petitioner has filed the above-captioned civil action, which seeks Habeas Corpus relief in this court pursuant to 28 U.S.C. §2254, and

it further appearing that in the above-captioned civil action, petitioner clearly challenges two totally separate convictions in the Court of Common Pleas of Lancaster County, one imposed in 1978 (for attempted rape, indecent assault and simple assault), and one imposed in 1985 (for robbery, simple assault, aggravated assault, reckless endangerment, possession of a prohibited weapon, and burglary), and

it further appearing that petitioner initiated 02-cv-3794 on June 14, 2002 by using the then-standard 28 U.S.C. §2254 form, and that in "GROUND ONE" on page 9 of this form, he alleges that the "state constructively denied his appeal rights (i.e. no record made) of illegal guilty plea(.)" with regard to his _1978_ conviction, it is hereby

ORDERED that the petitioner's Motion of September 17, 2002, which incorrectly asserts that 02-cv-3794 only attacks his 1985 conviction and does not attack his 1978 conviction is DENIED, and, it is further

ORDERED that petitioner shall file two new habeas corpus petitions, one attacking his 1978 conviction and one attacking his 1985 conviction, and it is further

ORDERED that if petitioner does not file new petitions on the current 28 U.S.C. §2254 forms attacking one (or both) of the aforesaid convictions attacked within ten days, the attack on that conviction (or those convictions) will be dismissed, and, it is further

ORDERED that upon receipt of the aforesaid new petition which raises claims related to his 1978 conviction, the Clerk shall assign that petition to case number 02-cv-3794, and it is further

ORDERED that upon receipt of the aforesaid new petition which raises claims related to his 1985 conviction, the Clerk shall open a new civil action, which he shall assign a new civil action number, and that the aforesaid new habeas corpus action related to his 1985 conviction shall be assigned to this new civil action number and all relevant documents shall be placed in its case file, and that this new civil action shall remain on my calendar, and, it is further

ORDERED that the five dollar fee paid in 02-cv-3794 shall be assigned to that civil action, and, it is further

ORDERED that petitioner's application for leave to proceed in forma pauperis with respect to the new civil action attacking his 1985 conviction is denied, and it is further

ORDERED that petitioner must submit a check for the five dollar filing fee, with the notation on the check that it relates to his 1985 conviction, to this court within ten days, or else the civil action related to his 1985 conviction will be dismissed.

CLARENCE C. NEWCOMER, J.